UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 06-CR-2425-L |
| Plaintiff, | ) ) | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| v. | ) ) | **INDICTMENT DUE TO INVALID DEPORTATION** |
| JESUS GARCIA-CARDENAS, | ) ) | |
| Defendant. | ) ) | |
| | ) | |

Defendant has filed a Motion to Dismiss the Indictment on the basis that his prior deportation was invalid because the Immigration Judge ("IJ") failed to advise Defendant of available forms of relief. Specifically, Defendant contends the IJ failed to advise Defendant he was eligible to apply for a waiver pursuant to INA Section 212(h).[1] The Government has filed a response and opposition to Defendant's motion. A hearing was held regarding Defendant's motion on August 14, 2007, at which time Defendant was directed to submit further briefing in support of his contention that the Ninth Circuit's decision in *United States v. Muro-Inclan*, 249 F.3d 1180 (9th Cir. 2001) is not applicable in this case. The Court has received no further

---

[1] Section 212(h) of the Immigration and Naturalization Act allows the Attorney General to waive deportation in the case of an immigrant who is the spouse, parent, son, or daughter of a citizen of the United States or an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the alien's denial of admission would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter of such alien. INA § 212(h)(1)(B); 8 U.S.C. § 1182(h)(1)(B).

briefing. Accordingly, the Court will deny Defendant's motion for his failure to establish prejudice resulting from any error committed by the IJ.

**Discussion**

A defendant in a 8 U.S.C. § 1326 prosecution "has a Fifth Amendment right to collaterally attack a removal order because the removal order serves a predicate element of his conviction." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004). To succeed in a collateral challenge to a removal order, a defendant must demonstrate: "(1) that he exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) that the entry of the order was fundamentally unfair." *Id*. An underlying removal order is "fundamentally unfair" when: (1) the defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects. *Id.*; *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000).

Although the deportation order in this case indicates Defendant waived his right to appeal, the Government must establish by clear and convincing evidence that the waiver was considered and intelligent. *United States v. Pallares-Galan*, 359 F.3d 1088, 1097 (9th Cir. 2004). If the IJ failed to inform Defendant of available relief from deportation, his waiver would not be considered and intelligent. *Id*. at 1096; *Muro-Inclan*, 249 F.3d at 1182 (9th Cir. 2001) ("Where the record contains an inference that the petitioner is eligible for relief from deportation, but the IJ fails to advise the alien of this possibility and give him the opportunity to develop the issue, we do not consider an alien's waiver of his right to appeal his deportation order to be considered and intelligent.").

The Government indicates that the transcript of the deportation proceedings is not available. Therefore, the Court has no means of determining whether Defendant was advised of available forms of relief from deportation or the circumstances of Defendant's waiver of appeal. Thus, because the burden falls upon the Government to establish an effective waiver, the Court cannot conclude that Defendant's failure to exhaust administrative remedies or pursue judicial

review is sufficient to bar collateral attack of the deportation order in this proceeding.

The Court therefore must consider whether entry of the deportation order was fundamentally unfair, that is, whether Defendant's due process rights were violated by defects in the proceeding, and whether Defendant suffered prejudice as a result. Defendant argues his deportation proceedings violated his due process rights because the IJ failed to advise him he was eligible for relief under INA § 212(h). The Government argues Defendant was statutorily ineligible for relief under INA § 212(h). The Court finds that even if the Defendant had been eligible for relief under INA § 212(h) and even if he was not advised of the availability of the waiver by the IJ, Defendant has not established any prejudice, which requires a showing of a "plausible ground for relief from deportation." *Muro-Inclan*, 249 F.3d at 1185 (9th Cir. 2001).

In *Muro-Inclan*, the defendant was not advised of the availability of 212(h) relief although the record before the various immigration judges raised an inference that he was entitled to relief. The defendant failed to demonstrate that deportation would cause an "extreme hardship" on citizen or permanent resident family members, and therefore, did not demonstrate the prejudice required to collaterally attack the prior deportation. The *Muro-Inclan* court held that a letter from the Defendant's wife indicating her and their children's need for financial support and assistance combined with a declaration of an attorney who indicated that there is a "reasonable possibility" that the defendant might have obtained a waiver was insufficient to establish a plausible ground for relief from deportation. *Id*. The *Muro-Inclan* court held that the hardships alleged represent the 'common results of deportation' and do not represent the type of additional evidence of extreme hardship beyond the normal deprivation of family support. *Id*.

Likewise, in this case Defendant has submitted insufficient evidence to demonstrate a showing of an "extreme impact on the citizen family member beyond the common results of deportation." *Id.* at 1184-85. Defendant has filed a declaration alleging he has a U.S. citizen son born on June 12, 1989. (Declaration of Jesus Garcia-Cardenas, Doc. No. 23). Defendant alleges he has always tried to provide for his son; he would often send money to his son's mother to support his son's upbringing; and it has been "a great hardship" for his son to grow up without

his father.[2] *Id.* These allegations are insufficient to establish the type of additional evidence of extreme hardship beyond the normal deprivation of family support required by *Muro-Inclan.* When Defendant was first deported in 1992, his son would have been only three years old. Defendant was convicted of voluntary manslaughter and armed robbery in 1989 and was sentenced to a six year and a two year tear term of imprisonment to run concurrently. Thus, it would appear that Defendant was incarcerated for most, if not all, of his son's life prior to being deported in 1992. It is difficult to imagine what kind of "extreme hardship" would have been suffered by a son who could have hardly known his father. In any event, *Muro-Inclan* makes clear that the lack of financial support is insufficient to meet this standard. While Defendant's son may indeed suffer hardships as a result of Defendant's deportation, it cannot be said that "these hardships would be extreme and beyond the common results of the deportation of a convict." *Muro-Inclan*, 249 F.3d at 1180, quoting *United States v. Arce-Hernadez*, 163 F.3d 559, 564 (9th Cir. 1998).

Finally, the Court rejects Defendant's suggestion that the extreme hardship standard applied in *Muro-Inclan* would not have been not applicable at the time of Defendant's 1992 deportation. Defendant has failed to submit any authority in support of this contention. To the contrary, it appears that the standard applied in *Muro-Inclan* also applied in 1992. *See Hassan v. INS*, 927 F.2d 465, 468 (9th Cir. 1991) ("The common results of deportation or exclusion are insufficient to prove extreme hardship.").

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] Defendant's declaration further alleges that it was been very difficult for Defendant to live apart from his son, however this allegation is irrelevant to the inquiry before the Court. Relief under Section 212(h)'s hardship provision focuses upon the hardship suffered by the U.S. citizen (or legal permanent resident) relative, not the alien applying for relief.

**Conclusion**

Defendant has failed to demonstrate plausible grounds that he would have been eligible for a waiver under Section 212(h). Accordingly, Defendant's motion to dismiss the indictment due to an invalid deportation is **DENIED**.

DATED: August 23, 2007

M. James Lorenz
United States District Court Judge